MARCHANT (HAWES v.). See Case No. ·6,240.

---

## Case No. 9,062.

### The MARCIA TRIBOU.

[2 Spr. 17.] [1]

District Court, D. Massachusetts.    Feb., 1858.

COLLISION—NO LOOKOUT — ANCHORED AT IMPROPER PLACE—BOTH IN FAULT—DAMAGES AND COSTS.

1. A schooner, going out of a harbor in the daytime, came into collision with a sloop at anchor in the channel outside the harbor-master's line. Both vessels were held in fault; the schooner for not keeping a look-out stationed

1 [Reported by John Lathrop, Esq., and here reprinted by permission.]

forward, and the sloop for being anchored in an improper place.

[Cited in The Clover, Case No. 2,908; The Columbia, Id. 3.035; Vanderbilt v. Reynolds, Id. 16,839.]

[Cited in Lambert v. Staten Island R. Co., 70 N. Y. 108.]

2. In collision cases, if both vessels are in fault, the damages and costs are borne in equal proportions.

3. It seems that in the daytime a vessel at anchor out of the channel and inside the harbor-master's line need not keep an anchor-watch, if her crew consists of but two men.

This was a libel in admiralty to recover damages to the sloop Diploma, arising from a collision in Boston harbor, in October, 1856, between that vessel and the schooner Marcia Tribou. The facts were as follows: The sloop, with a load of stones and gravel, beat up the harbor till she arrived at a point between Bird Island and East Boston, where, owing to the strength of the tide and the decrease of the wind, she came to anchor in the channel, to await the turn of the tide. The precise part of the channel where she anchored was disputed, and evidence was introduced by the libellant to show that the place of anchorage was on the north side of the channel and within the harbor-master's line; while evidence to the contrary, and that she was anchored nearer mid-channel and outside of the said line, was introduced by the claimants. After she had been at anchor for about three-quarters of an hour, and while her crew, consisting of a man and boy, were in the cabin at dinner, she was run into by the schooner which was bound out, and was damaged. The schooner received no injury. It was urged on the part of the claimants that the Massachusetts act of 1848, c. 314 [Laws Mass. 1868, p. 800], rendered it obligatory upon all vessels not only to anchor within such lines as should be established by the harbor-master, but while at anchor to keep an anchor-watch on deck; and that if the court should be satisfied that the sloop was not within these lines, and kept no watch on deck, the libellant was thereby deprived of all remedy against the schooner, notwithstanding that she may ·have been also guilty of negligence which contributed to the collision. The libellant controverted this position, and cited The New York v. Rea, 18 How. [59 U. S.] 223.

C. P. Curtis, Jr., for libellant. ·
R. H. Dana, Jr., for claimant.

SPRAGUE, District Judge. The position of the sloop is one of the most material points in this case; and upon the evidence which has been introduced, I am of opinion that she was anchored in the channel outside of the harbor-master's line, in an improper place, and must be held to have been guilty of negligence in so doing. I am further of opinion that the schooner was also in fault in not avoiding the sloop, notwithstanding that she was anchored in an improper place.

The weather was fine, and the evidence shows that all the crew of the schooner, except the captain, were occupied in preparing to bend a sail, and that no look-out was kept. The captain was at the wheel, but the square sail on the foremast came down so low, that he could not see ahead of his vessel without stooping. If a proper look-out had been kept forward, which is always requisite in going out of a harbor where other vessels are generally lying at anchor, the sloop might have been easily seen and avoided. In regard to there having been no watch kept on the sloop, I may say, that if she had been anchored well out of the way, inside of the harbor-master's line, and inside of other vessels at anchor, it would perhaps be too strict to require her to keep a constant watch on deck, especially when her crew consisted of but two persons. But as she was not anchored within the line, it becomes unnecessary farther to consider this question. Both parties having been in fault, by the rule of admiralty law, the damages and costs are to be borne by each in equal proportions.